## FALSE REPRESENTATIONS TO A PURCHASER OF PERSONAL PROPERTY.

Circuit Court of Cuyahoga County.

FRANK WIRICK v. MARY L. CLUNK.

Decided, November 1, 1909.

*Deceit—Action for—Statute of Frauds.*

An action for deceit for false representations inducing plaintiff to purchase personal property can not be maintained when the representations are such that were they a part of the contract it would be within the statute of frauds.

*Dunning, Knight & Eagleson,* for plaintiff in error.
*E. J. Tobaben,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand in the relation opposite to that in which they stood below. The petition below is as follows:

"Plaintiff says that on or about the 14th day of February, A. D. 1907, the defendant in order to induce the plaintiff to buy of him the furniture and furnishings and business of a certain rooming house situated at number 2070 East 22d street, Cleveland, Ohio, falsely and fraudulently represented to her that he had the right of possession of said house for 12 years, and that she could occupy said house for said period at a rental of $50 per month.

"That relying on said representations, plaintiff bought said furniture, furnishings and business from said defendant and paid him therefor the sum of $750.

"That the right of occupancy of said house for said period at said rental was of great value, viz: the sum of $450 and said furniture and furnishings and business independent of said right was worth the sum of $300 and no more.

"That said representations so as aforesaid made were false and untrue; said defendant did not have the right of occupancy of said house for said period, but only for the period until the first day of September of the year 1907, of which fact this plaintiff had no knowledge, and at said time plaintiff was compelled to move out of said house by the owner thereof.

"That but for said false and·fraudulent representations plaintiff would not ·have bought said furniture and furnishings and business.

"Plaintiff says that by reason of the premises she has been damaged in the sum of $450, for which amount, prays she for judgment with interest from said 14th day of February, 1907."

From the testimony of plaintiff below we learn that the defendant below said to her "that he had a lease for twelve years, and that he wanted the barn and yard in the rear for his horses and vans; and that he had a lease for twelve years and didn't care to sublet it to us, because he wanted the barn and yard, and we could have it for that length of time, twelve years, if we wanted it."

Upon this state of facts it is perfectly clear that she had no cause of action. Whether Wirick had or had not a lease for twelve years upon the premises was of no consequence whatever, so long as he entered into no agreement to assign or sublet to her, or to give her any right of occupancy in the premises enforceable under the statute of frauds.

Upon the undisputed facts, therefore, the judgment is contrary to law and should have been for the plaintiff in error instead of for the defendant in error.

The judgment below is reversed, and proceeding here to render the judgment which should have been rendered in the court of common pleas, we enter final judgment for plaintiff in error.